HELEN V. COCKRELL, RESPONDENT, v. SADIE O'R. McKENNA, APPELLANT.

Submitted February 17, 1928—Decided May 14, 1928.

For the appellant, *Perkins & Drewen.*

For the respondent, *William E. Foster.*

The opinion of the court was delivered by

BLACK, J. This suit was brought by the plaintiff, Helen V. Cockrell, as the holder of a promissory note, to recover $4,000.

The promissory note was made by the defendant, Sadie O'R. McKenna, and delivered to her husband, Thomas P. McKenna, to whom the payee, Moncure Cockrell, had previously given two checks aggregating $3,700 and $300 in cash, total $4,000. This is a copy of the note in suit: "New York City, Dec. 30, 1918. Four months after date I promise to pay to the order of Moncure Cockrell Four Thousand Dollars at 52 Broadway, New York City. Value received with interest at 6%. Sadie O'R. McKenna."

Before maturity, the note was endorsed and delivered by the payee, Moncure Cockrell, to Helen Van Waggoner, who later became his wife, and who, as Helen V. Cockrell, is the plaintiff in the cause. The trial resulted in a verdict and judgment against the defendant for $6,094.67. The defendant appealed and filed eighteen grounds of appeal. The first fifteen allege trial errors in rulings on evidence. Sixteen alleges error in denying the defendant's motion for the direction of a verdict. Seventeen and eighteen allege error in the charge of the trial judge. These grounds of appeal, however, are argued in the appellant's brief under three heads.

This is the second trial of the case. The first trial resulted in a verdict for the plaintiff. That judgment was reversed by this court in the case of *Cockrell* v. *McKenna,* 103 *N. J. L.* 166, on the ground that the plaintiff did not by such a delivery of the note from Moncure Cockrell, become a holder for value in due course, under section 52 of our Negotiable Instruments act (3 *Comp. Stat., p.* 3741, § 52), and section 91 of the New York act. *Consol. L., ch.* 38. The two sections are identical.

The note was dated, made and delivered in the State of New York. The law of that state, *i. e.,* the *lex loci contractus,* governs and controls the rights of the parties to the action. That law was applied to the facts of the case by the trial judge. That was the proper course for the trial judge to pursue.

The defense was that the note had been executed by Sadie O'R. McKenna solely for the accommodation of her husband, Thomas P. McKenna, and, also, that Moncure Cockrell was not a holder of the note for value. It is argued in the appellant's brief that it was error for the trial court to admit testimony of Moncure Cockrell, the payee, showing the consideration for the note, viz., that he had loaned Thomas P. McKenna moneys amounting in all to $4,000, and that McKenna gave him this note as security for the repayment of that loan. The basis of the argument is: This testimony was hearsay, and was therefore improperly admitted. Not so. The question at issue was, whether the husband of the plain-

tiff, Moncure Cockrell, was a holder of the note for value, his testimony as to the consideration for which the note was given was material upon that issue. It was not hearsay. If Moncure Cockrell received the note for a loan, it was then made upon a consideration, his receiving it for an antecedent debt made him a holder for value under the New York statute. The plaintiff taking from him acquired his title. The other exceptions to rulings on evidence call for no discussion. They are without legal merit.

Next it is argued, point number two, the trial court erred in denying the defendant's motion for the direction of a verdict at the close of the entire case. Not so. The basis of the motion, as stated on pages 89 and 90 of the printed book, was, first, there was no consideration for the making of the note by the defendant, Sadie O'R. McKenna, as maker, and its delivery to the husband of the plaintiff as payee. This the trial court held under the New York statute, as declared in the case of *Brown* v. *Brown*, 91 *N. Y. Mis. R.* 220; 94 *N. Y. Supp.* 1098, was a question of fact, whether or not the consideration for the note was good, sufficient and a valid one, as between Moncure Cockrell and Sadie O'R. McKenna, and second, it is argued there was no evidence of any consideration whatever between Sadie O'R. McKenna and Helen V. Cockrell, this also was denied by the trial judge as presenting an issue of fact under article 4, section 51, chapter 14 of the Consolidated laws of New York, 1909. That act provides that a married woman shall be clothed with all the powers and enjoy all the rights in respect to her contracts and be liable on such contracts, as if she were unmarried.

The consideration under the evidence did involve Sadie O'R. McKenna's property or interest in some way. Moncure Cockrell testified, "She [Mrs. McKenna] voluntarily said they would be able to fix it in a very short time [*i. e.,* the obligation]. Well, she simply said that she thought within a short time they would be able to fix what they owed me, pay what they owed me. In a very short time, she said." Page 43. This, however, was denied by Thomas P. McKenna and his wife. An issue of fact was therefore raised for the jury to determine. Conflicting testimony is always for the jury. *McCormack* v. *Williams*, 88 *N. J. L.* 170, 173.

The statute of New York, above cited, places a married woman, as to her liability on such contracts, as if she were unmarried. This is unlike the New Jersey statute. The defendant, under the New York statute, even if a mere accommodation maker, was liable on the promissory note.

It is next argued that the trial judge erred in the charge to the jury that the burden of proof in this particular case was on the defendant to show there was no consideration. But section 54 of the Negotiable Instruments act of New York provides "absence or failure of consideration is a matter of defense as against any person not a holder in due course." This is the same as section 28 of the New Jersey statute. 3 *Comp. Stat.*, *p.* 3738, § 28. This part of the charge was subsequently withdrawn by the trial court, and, at the request of the defendant, the following was substituted therefor: "The fact that the note itself carries the presumption of consideration, subject to be overcome by the defendant, but that the burden never shifts. I charge you that as requested."

The last point or ground, number eighteen, criticism aimed at the charge of the trial judge calls for no discussion. We fail to see how, under the evidence, this extract from the charge criticised was injurious to the defendant.

Finding no error in the record, the judgment of the Monmouth County Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.